IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                           3:05cr24/LAC
                                              3:06cv348/LAC/MD

DOROTHY BACKHOFF

---

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255  (doc. 130).  The government has filed a response (doc. 135) and the defendant has filed a reply  (doc. 140).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

## I.  BACKGROUND

Defendant was charged in a single count superseding indictment with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine.  Defendant was represented by Brian Lang, retained counsel.  Defendant signed a written plea and cooperation agreement on May 24, 2005 (doc. 79), the relevant terms of which will be discussed in greater detail below.  She was sentenced on August 9, 2005 to a term of 120 months imprisonment,

which was the minimum mandatory sentence applicable to the offense conduct to which she pleaded guilty.  Defendant did not appeal.

The instant § 2255 motion was timely filed pursuant to the prison mailbox rule[1] on August 8, 2006.  In her motion, defendant raises a single ground for relief.  She maintains that she is entitled to a reduction in her sentence based on the substantial assistance she rendered to investigating authorities both before and after her indictment and sentencing. The government opposes the motion.

## II.  LEGAL ANALYSIS

As noted above, defendant's sole ground for relief is her claim that she is entitled to a reduction in her sentence pursuant to Federal Rule of Criminal Procedure 35(b). Relevant to the instant motion, this rule provides that upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person. Fed.R.Cr.P. 35(b)(1)(A).  In evaluating whether the defendant has provided substantial assistance, the court may consider the defendant's presentence assistance.  Fed.R.Cr.P. 35(b)(3).  Although Rule 35(b) does not define "substantial assistance" several courts have acknowledged that 5K1.1 supplies the appropriate guidelines for evaluating substantial assistance.  *United States v. Medjuck,* 222 F.R.D. 399 (N.D. Cal. 2004) (adopting the 5K1.1 factors for the use under Rule 35(b)).  See also *United States v. Gangi*, 45 F.3d 28 (2nd Cir. 1995); *Wade v. United States,* 504 U.S. 181 (1992); *United States v. Forney*, 9 F.3d 1492 (11th Cir. 1993); *United States v. Johnson*, 241 F.3d 1049 (8th Cir. 2001).

It is well established that the decision to file a substantial assistance motion is a matter of prosecutorial discretion.  *United States v. Nealy,* 232 F.3d 825, 831(11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Forney*, 9

---

[1]*Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed); *Adams v. United States*, 173 F.3d 1339 (11th Cir. 1999).

F.3d 1492, 1501 (11ᵗʰ Cir. 1993).  The government has a power, not a duty, to file such a motion when a defendant has substantially assisted.  *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992).  Even plea agreements that require the government *to consider* whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a substantial assistance motion.  *Forney*, 9 F.3d at 1499-1500.  Judicial review of a decision not to file a substantial assistance motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.  *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *Nealy*, 232 F.3d at 831.  The district court does not have the authority to order that the motion be filed or to reduce the sentence on its own.  *Wade*, 504 U.S. at 185, 112 S.Ct. at 1843; *United States v. Perez*, 955 F.2d 34, 35 (10ᵗʰ Cir. 1992); *see also Fernandez v. United States,* 941 F.2d 1488, 1492 & n.5 (11ᵗʰ Cir. 1991).

Filing of a certification of substantial assistance generally signifies that the defendant's assistance has yielded actual, useful results, not merely that the defendant made a substantial good faith effort in his attempts to assist.  *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11ᵗʰ Cir. 1997) (citation omitted).  "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts."  *United States v. Orozco*, 160 F.3d 1309, 1315 (11ᵗʰ Cir. 1998), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000).  A defendant's disappointment that his cooperation did not rise to the level of substantial assistance does not alone warrant a finding that the motion should have been filed.

The defendant's plea and cooperation agreement specifically provided:

> If, in the sole discretion of the United States Attorney, the Defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offense, if the Defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion.  Determination whether the defendant has

provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of defendant's cooperation.  Should the United State exercise the discretion reserved to it by this agreement and not file a substantial assistance motion, the defendant agrees that such a decision on the part of the United States is subject to legal challenge only if made for constitutionally impermissible reasons (such as race or religion) as set forth in Wade v. United States, 504 U.S. 181, 185 (1992).  Should a substantial assistance motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.

(Doc. 79 at 6).

Neither defendant's § 2255 motion nor her reply to the government's response identifies or alleges any "constitutionally impermissible reason" for the government's failure to file a substantial assistance motion.  Thus, under *Wade* and the terms of her plea and cooperation agreement she has not shown she is entitled to relief.

For sake of completeness, a discussion of one other matter raised in her motion is warranted, although it was not separately raised as a ground for relief.   Defendant contends that her attorney essentially "promised" her that she would receive Rule 35(b) motion after sentencing, and that she would ultimately be sentenced to a term of five years imprisonment.   This assertion is contradicted by both the written plea agreement and the plea colloquy at defendant's rearraignment.

The plea agreement specifically makes the following statements:   "the sentence to be imposed is left solely to the discretion of the District Court," (doc. 79 at 3); "Defendant understands that any prediction of the sentence which may be imposed is not a guarantee or binding promise," (doc. 79 at 6); and finally, "there are no other agreements between the United States Attorney, Northern District of Florida and the Defendant." (Doc. 79 at 8).  At her rearraignment, defendant testified under oath that she understood that counsel could not tell her what her actual sentence would be (doc. 134 at 11), that no one had promised her anything beyond what was contained in the plea agreement (doc. 134 at 13), that she understood there was no guarantee that a substantial assistance motion would be filed or that if one were filed that the court would take any particular action on it (doc. 134 at 14-15).

A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea). Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629. They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise. *Id.; see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th Cir. 1979)); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995); *United States v. Mims*, 928 F.2d 310, 313 (9th Cir. 1991); *United States v. DeFusco*, 949 F.2d 114, 119 (4th Cir. 1991). "[i]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514, n.4 (11th Cir. 1986). This is precisely what defendant purports to do, and to say that she did so upon the advice of counsel.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 130) be DENIED.

At Pensacola, Florida, this 20th day of December, 2006.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).